# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DAVID RICHARD SUTHERLAND,   )
                            )
    Plaintiff,            )
                            )
v.                          )    Case No. CV407-159
                            )
AL ST. LAWRENCE, Sheriff,   )
McARTHUR HOLMES, Jail Administrator, )
PRISON HEALTH SERVICES, DOCTORS )
and NURSES, ABL FOOD SERVICE, and )
SUPERVISORS and DISTRIBUTORS, )
                            )
    Defendants.           )

## REPORT AND RECOMMENDATION

David Richard Sutherland filed this 42 U.S.C. § 1983 action on October 23, 2007. Doc. 1. On October 26, 2007, this Court granted Sutherland leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of that order. Doc. 3. He returned both forms before the deadline; therefore, the case is ready to proceed.

## I. LEGAL PRINCIPLES

Congress set forth the procedures for handling civil actions filed by prisoners or other detainees in the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71. The PLRA authorizes federal courts to "dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). In addition, the PLRA requires federal courts to conduct an early screening of all prisoner suits against government entities or officials to identify claims subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine Sutherlands' complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

## II. LEGAL ANALYSIS

Sutherland's complaint contains three claims, all of which allege that the defendants violated his Eighth and Fourteenth Amendment rights by demonstrating deliberate indifference to his serious medical

2

needs. Doc. 1. Because Sutherland is a pretrial detainee, doc. 1, his constitutional right to medical care derives from the Fourteenth Amendment, not the Eighth. Hamm v. DeKalb County, 744 F.2d 1567, 1572 (11th Cir. 1986). But the conceptual distinction between Sutherland's Fourteenth Amendment rights as a pretrial detainee and a convicted person's rights under the Eighth Amendment has no practical impact on the Court's analysis of Sutherland's claims. As the Eleventh Circuit has explained:

> [T]he minimum standard for providing medical care to a pretrial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner; both the right to due process and the right to be free from cruel and unusual punishment are violated by a government official's deliberate indifference to serious medical needs. Because both the Eighth Amendment cases and Fourteenth Amendment cases establish what constitutes "deliberate indifference," [the Court] will rely upon decisions in both types of cases.

Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 n.6 (11th Cir. 1997) (citation omitted); Thomas v. Town of Davie, 847 F.2d 771, 772 (11th Cir. 1988).

### A. Deliberate Indifference to a Detainee's Serious Medical Need

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment's proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. The Eleventh Circuit has held that a delay in access to medical care that is "tantamount to 'unnecessary and wanton infliction of pain,'" may constitute deliberate indifference to a prisoner's serious medical needs. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam) (quoting Estelle, 429 U.S. at 104). But the Eleventh Circuit has also stated that some delay in rendering medical care may be tolerable, depending on the nature of the medical need and the reason for the delay. Harris v. Coweta County, 21 F.3d 388, 393–94 (11th Cir. 1994).

To establish deliberate indifference, it is not enough that prison medical personnel have been negligent in diagnosing or treating a prisoner's condition, since it is clear that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). "[I]t is obduracy and wantonness, not

4

inadvertence or error in good faith," that violates the Constitution in "supplying medical needs." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). In fact, care provided to a prisoner need not be "perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980)).

To establish a serious medical need, an inmate must show a medical need "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citations omitted). The "medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm." Id. (citation omitted).

Furthermore, a prisoner's mere disagreement with a jail's medical personnel about the proper course of treatment does not entitle him to § 1983 relief. "[T]he question of whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment."

Adams, 61 F.3d at 1545 (quoting Estelle, 429 U.S. at 107); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (no recovery under § 1983 for disagreements between patient and doctor about what is medically necessary or justifiable).

A § 1983 claim, therefore, "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice." Brinton v Gaffney, 554 F. Supp. 388, 389 (E.D. Pa. 1983). Indeed, "even gross negligence" is insufficient to establish liability under § 1983. Miller v. King, 384 F.3d 1248, 1251 (11th Cir. 2004). The Supreme Court, articulating a more precise definition, has stated that deliberate indifference requires the same mental state as criminal recklessness: "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

### B. Sutherland's Eyeglasses

Sutherland alleges that he lost his prescription eyeglasses when he was arrested on May 2, 2007. Doc. 1. He maintains that without

6

prescription glasses he cannot read without experiencing headaches, eye strain, and blurred vision. Id. After he complained about his eyesight, Sutherland requested and received an eye exam, but the examiner concluded Sutherland could read fine print and did not need prescription glasses. Id. Unsatisfied with the examiner's diagnosis, Sutherland filed a grievance requesting another exam, which was promptly granted. Id. To Sutherland's chagrin, the second examiner reached the same conclusion as the first. Id.

He now requests that this Court order the jail to give him eyeglasses and award damages for the suffering he has experienced. Doc. 1. Unfortunately for Sutherland, the Court finds that he has not stated a valid claim of deliberate indifference to his serious medical needs. A lack of eyeglasses would undoubtedly cause discomfort, but to establish a valid claim of deliberate indifference, Sutherland must allege facts evincing a serious medical need and a wanton or callous response to that need. Adams, 61 F.3d at 1543. He has alleged neither.

Initially, the Court finds that Sutherland's eye condition does not constitute a serious medical need. The Eleventh Circuit has stated that a serious medical need must not only be a need "diagnosed by a physician

as mandating treatment" or easily recognizable to a lay person, but that it must also pose a "substantial risk of serious harm" if "left unattended." Farrow, 320 F.3d at 1243. Although Sutherland's reports of eye strain and headaches after reading undoubtedly raise concerns about the status of his eyesight, he has received two eye examinations and neither exam indicated a problem with his eyesight that merited prescription glasses. Thus, there is no medical diagnosis recognizing a need for eyeglasses. Nor is there anything suggesting that a lay person could recognize problems with Sutherland's eyesight. In fact, the conclusions reached by the examiners is supported by the fact that Sutherland's alleged impairment did not prevent him from drafting a lengthy and easily legible complaint in this action. Doc. 1. Nor did it prevent him from drafting and submitting numerous grievances to jail officials. Id. exs. B–E.

Even if his eye problems qualified as a serious medical condition, Sutherland has not alleged deliberate indifference. Instead, as noted in the preceding paragraph, his complaint and the grievance forms attached to that complaint indicate that he has received at least two examinations. In light of Sutherland's complaint and the exhibits

attached to it, it seems that Sutherland is not claiming indifference; he simply disagrees with the conclusions reached by the eye examiners. His disagreement may be justified. But a § 1983 claim of deliberate indifference is not the correct forum for a pretrial detainee to contest the results of an eye exam. At best, Sutherland has alleged that the examiners were negligent, and allegations of negligence do not state a valid claim for § 1983 relief. Miller, 384 F.3d at 1251 (holding that "even gross negligence" is insufficient to establish liability under § 1983).

A § 1983 claim of deliberate indifference must instead demonstrate a wanton or wilful refusal by the defendants to take actions necessary to alleviate a serious medical need. Because Sutherland has alleged no facts indicating deliberate indifference by any of the defendants, this claim should be **DISMISSED**.

### C. Sutherland's Dental Complaints

Sutherland's second claim is that the jail's dentist, whom he names as a "John Doe" defendant, provided him with constitutionally defective care, and that defendants St. Lawrence, McArthur, and Prison Health Services knew of his dental needs but did nothing to address them. Doc. 1. The specific facts upon which this claim is based arise from a dental

9

plate that was attached to two of Sutherland's teeth more than forty years ago. Id.

At some unspecified point after his May 2, 2007 arrest, one of the teeth supporting Sutherland's dental plate "broke off" while he was eating a meal. Id. Sutherland claims that cavities had developed in both supporting teeth and that he visited a dentist at the jail to see about getting a temporary filling, thereby preserving his dental plate. Id. According to the jail's inmate handbook, temporary fillings are one of the few dental treatment options available to inmates who have been incarcerated less than six months. Id. The dentist responded that his only service was extraction. Id.

Apparently, neither tooth was extracted. During the next month, the plate became unstable, prompting Sutherland to visit the dentist again. But the dentist gave the same response, offering only to extract the remaining support tooth. Sutherland declined. Sometime after that visit, the remaining support tooth also broke off at gum level, leaving the nerve exposed and causing the dental plate to fall out completely. Id.

Sutherland alleges that he now suffers constant pain in the broken teeth and that the dental plate's absence means that he has no teeth on

the upper side of his mouth. Id. He has difficulty chewing, sometimes chokes on his food, and is only provided the occasional aspirin to treat his pain. Id.

Regarding this asserted ground for relief, Sutherland alleges that the dentist demonstrated deliberate indifference to his serious medical needs. He does not raise a specific act or omission by Prison Health System, so the Court will assume that Sutherland intends to base liability on a theory of respondeat superior. And, concerning defendants St. Lawrence and McArthur, Sutherland alleges that they were "well aware" of his deficient dental care and should be held liable because they promulgated but failed to ensure compliance with the inmate handbook provision that entitles inmates to receive temporary fillings and emergency dental care.[1] Id.

Sutherland cannot pursue this claim against defendants St. Lawrence, McArthur, and Prison Health Services on a theory of respondeat superior or vicarious liability. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978). Instead, he must demonstrate either that the individual

---

[1] Sutherland makes no mention of defendant ABL Food Service in his claim of deliberate indifference to his serious dental needs.

defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the injury allegedly sustained. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F .2d 736, 738 (11th Cir. 1988) (per curiam).

The requisite causal connection may be established by showing that a supervisory official implemented or promulgated an official policy or failed to act after a history of widespread abuse put the official on notice of the need to take corrective action. Brown, 906 F.2d at 671; Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988). A plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541–42 (11th Cir. 1994) (Kravitch, J., concurring). Thus, "the standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Of course, an inmate may demonstrate that an official's inordinate delay in providing necessary treatment without a medical explanation constituted deliberate indifference to his serious medical needs, and numerous cases have found officials liable as a result of their delay in providing a plaintiff with needed medical care. See Farrow, 320 F.3d at 1247 (unexplained fifteen-month delay in providing plaintiff with dentures created an issue of fact as to whether the physician was deliberately indifferent to plaintiff's serious medical needs).

Sutherland has not alleged any causal connection between Prison Health Services and his dental problems. Therefore, Prison Health Service should be **DISMISSED** as a defendant in this case. Likewise, to the extent Sutherland seeks to recover from defendants St. Lawrence and McArthur on a theory of vicarious liability, his claim should be **DISMISSED**. Sutherland's claim against those two defendants is stickier, however, because Sutherland not only seeks to recover based on principles of vicarious liability, he also seeks to recover for the pain he has suffered since his teeth "broke off." Doc. 1. Because he has alleged that the defendants St. Lawrence and McArthur have known about his condition for the five-and-one-half months preceding the filing of this

complaint and have failed to take any action to remedy the situation, they should be served with a copy of Sutherland's complaint to answer this claim.

Sutherland has also stated a valid claim for relief concerning the John Doe dentist. Sutherland's complaint recounts that after his first broken-tooth incident, a dentist at the jail told him that he "only pulled teeth." Doc. 1. Although the complaint contains no indication that the dentist was lying when he said that his services were limited to extractions, the dentist would nevertheless have a duty to provide some sort of treatment for the pain Sutherland allegedly suffered as a result of his teeth breaking off. Therefore, Sutherland has stated a valid claim of deliberate indifference against the John Doe dentist.

### D. Sutherland's Healthy Heart Dietary Needs

Sutherland's final claim stems from his dietary needs. He alleges that he requires a special diet to keep his heart healthy. As part of that diet, he asserts that he needs one more pancake than what the jail's food service provider, defendant ABL Food Service, gives him. Doc. 1 at 6; Ex. C. Based on his failure to receive enough pancakes (accompanied by an occasional failure to receive an extra meat product), he alleges that

14

his health will suffer. Doc. 1. Therefore, he seeks an injunction ordering the defendants to give him more pancakes (or whatever food is necessary to maintain his doctor recommended diet). Doc. 1.

Sutherland has failed to state a claim of deliberate indifference to his serious medical needs. The alleged deprivation of a pancake is simply insufficient to raise a constitutional issue. To sustain a conditions-of-confinement claim, "'significant injury' must be shown." Porter v. Nussle, 534 U.S. 516, 528 (2002). Mere inconvenience or de minimis injury does not rise to the level of cruel and unusual punishment prohibited by the Eighth Amendment. Even if his doctor has recommended that he consume more food than the typical detainee (an unusual diet plan for a heart patient, to say the least), there is no indication that failure to provide him with extra pancakes constitutes deliberate indifference a serious medical need for purposes of § 1983 liability. Therefore, this claim should be **DISMISSED**.

## III. CONCLUSION

Because Sutherland has failed to state a valid claim of deliberate indifference against defendants Prison Health Services, ABL Food Service, and ABL Food Service's managers and supervisors, they should

be **DISMISSED** as defendants in this case. Furthermore, because Sutherland has failed to state a valid claim of deliberate indifference against any defendant regarding his failure to receive eyeglasses and extra pancakes, those claims should be **DISMISSED**.

However, Sutherland has stated a valid claim of deliberate indifference against Al St. Lawrence, McArthur Holmes, and the John Doe dentist for a failure to provide proper dental care. Therefore, the Court **DIRECTS** that the United States Marshal serve a copy of Sutherland's complaint and this Report and Recommendation upon defendants Al St. Lawrence and McArthur Holmes. Sutherland may use appropriate discovery devices (such as interrogatories or requests for production of documents) to identify the correct name of the John Doe dentist. Sutherland is advised that without the dentist's correct name, the United States Marshal will be unable to serve this defendant.

**SO REPORTED AND RECOMMENDED** this 28Th day of **November 2007**.

*/s/*
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**